RIZA HESSEN *vs.* MOHAMED BACKER.

NOVEMBER 20, 1924.

PRESENT: Sweetiand, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

VINCENT, J. This is an action of the case in assumpsit to recover the amount of $297 alleged to have been loaned by the plaintiff to the defendant, from time to time, in different amounts.

The case was brought in the District Court of the Sixth Judicial District where the plaintiff claimed a jury trial on the entry day of the writ. The case was tried in the Superior Court before a justice thereof sitting with a jury and a verdict was rendered for the plaintiff in the sum of $272.

The motion of the defendant for a new trial was heard and denied. The case is now before this court upon the defendant's bill of exceptions.

The plaintiff claims that he first loaned the defendant $130 and that he afterwards loaned him further sums of $100, $42, and $25, making a total of $297.

Upon making the second loan of $100 the defendant gave to the plaintiff a note for $230 covering that amount and

also the previous amount of $130. This note bears the names of Abraham Backer and Mohamed Backer as the makers thereof. There is testimony to the effect that the signature of Abraham was designed to secure the payment of the note and such was doubtless the purpose of the parties.

The plaintiff in his testimony claims that the defendant is indebted to him for certain other loans, or advances in addition to the amount of the note, of $25, $42, and $54. The claim for the latter sum was withdrawn, and the claim for $25 was evidently properly rejected by the jury for want of sufficient evidence to support it. Any claim for interest was waived.

The note is still in the hands of the plaintiff and it is not claimed that any part of it has been paid. Neither is it claimed that there was any agreement between the parties that the note was to operate as an extinguishment of the debt.

The plaintiff offered this note in evidence. Its introduction was objected to on the ground, that the action being in assumpsit, no recovery could be had; that the note must be declared upon, it being in the nature of a payment and satisfaction of the debt. The trial court, however, admitted the note as evidence of the loan.

The defendant argues that the admission of the note constitutes reversible error, and his first, second, third and fourth exceptions raise that question. These exceptions are (1) to the reading of the note into the record. (2) The refusal of the court to strike the note from the record. (3) To the admission of the note as an evidence of indebtedness and (4) the refusal of the court to charge that the plaintiff cannot recover the sum of $230, either upon the note which is not sued upon, nor upon any other ground.

The question before us, simply stated, is, Does the giving of a note constitute a payment of the debt, in the absence of any agreement to that effect? The general rule is concisely stated in 30 Cyc. of Law and Procedure 1194 as follows: "In the absence of an agreement between the parties

that it is to be received as payment, the common law rule which prevails in England and has been adopted without question in nearly all of the states of this country, is, that a draft or bill of exchange, acceptance, order or promissory note, of the debtor, is not a payment or an extinguishment of the original demand, and the same rule applies to the bill, note, order or acceptance of a third person, given by the debtor to the creditor."

The law in this state is that a note given for debt is not payment unless made so by agreement of the parties. In *Wilbur* v. *Jernegan*, 11 R. I. 113, this court said: "In this state giving a note for a precedent debt does not *prima facie* operate as absolute payment of the debt, but rather as an extension of credit, or as only conditional payment, and if the note at maturity is not paid, the right to sue the original debt and enforce its securities revives." And in *Nightingale* v. *Chafee*, 11 R. I. 609, this court held that "In Rhode Island a promissory note given for an antecedent debt does not discharge the debt unless the note is given and received as absolute payment; and the burden of proof is on the debtor to show that it was so given and received." Other authorities to the same effect, both in this State and elsewhere, might be cited were it necessary to do so.

The remaining exception of the defendant, to which we have not thus far referred, is to the denial of the motion for a new trial. The testimony was conflicting. The defendant flatly denying that he had made any note or that he had received any money from the plaintiff, with perhaps the exception of $20, to cover his expenses to Detroit. In this situation it was the province of the jury to determine the facts and we think there was sufficient evidence to justify a finding for the plaintiff by the jury and the denial of the defendant's motion for a new trial by the court.

The defendant's exceptions are all overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff on the verdict.

*Robinson & Robinson*, for plaintiff.

*Frank H. Bellin*, for defendant.